IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LOUIS J. CLAY, JR., #08452                                           PETITIONER

VERSUS                                         CIVIL ACTION NO. 5:10-cv-6-DCB-MTP

MARGARET BINGHAM                                                     RESPONDENT

ORDER

This matter comes before this Court, *sua sponte*, for consideration of transfer. The Petitioner, an inmate who is presently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2254 on January 20, 2010. Petitioner states that he was convicted in the Circuit Court of Wilkinson County, Mississippi, of aggravated assault and was sentenced to serve a 20-year sentence as a habitual offender.

The Petitioner has previously filed for habeas relief in this Court challenging the same conviction, in *Clay v. Sparkman*, civil action number 5:03-cv-6-DPJ-JCS (S.D. Miss. Mar. 29, 2006). On March 29, 2006, this Court entered a Judgment [60] which dismissed the action with prejudice. The United States Court of Appeals for the Fifth Circuit in *Clay v. Sparkman*, No. 06-60400 (5th Cir. Aug. 9, 2007) denied the Petitioner's Certificate of Appealability by Order [72] dated August 9, 2007.

A Petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate Court of Appeals for an order authorizing the District Court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). The Petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit to proceed with his cause in this Court. Therefore,

this Court has determined that in the interest of justice, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second petition should be allowed. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997).

Additionally, this Court finds that the Petitioner filed a letter [1-2] along with his petition for habeas relief stating that he does not want the undersigned to be assigned to the instant civil action. Because the instant civil action was assigned to the undersigned, this Court will now construe the letter [1-2] as a request for the recusal. This request is based on the Petitioner's dissatisfaction with the rulings entered by the undersigned in other cases. Having carefully considered the letter motion [1-2] and the applicable law, this Court finds that the Petitioner's request should be denied.

Title 28 U.S.C. Section 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983). The standard for recusal is an objective one. If a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)(*quoting Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir.) *cert. denied*, 449 U.S. 820 (1980)).

The Petitioner contends that "for some reason 'every' case I have filed in this court ha[s] been assign[ed] to Mr. Bramlette, III[,] and he ha[s] denied every thing filed by me after holding such filing over three and a half (3 1/2) years." *Pet.* [1-2] p.2. The Petitioner's argument does not present a sufficient ground to warrant recusal pursuant to 28 U.S.C. §§ 144 or 455. *See*

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Mizell*, 88 F.3d 288 (5th Cir. 1996). Therefore, the Court finds that the Petitioner's request [1-2] is not well-taken, and will be denied. Accordingly,

**IT IS HEREBY, ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1631, this petition for habeas corpus relief is transferred to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's request [1-2] that the undersigned recuse himself is DENIED.

This the 22nd day of January, 2010.

s/David Bramlette
UNITED STATES DISTRICT JUDGE