# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-60070

IN RE: LOUIS J CLAY, JR.,

Movant

Motion for an order authorizing
the United States District Court for the Southern
District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

U.S. COURT OF APPEALS
**FILED**
MAR 1 6 2010
CHARLES R. FULBRUGE III
CLERK



5:10cv6
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 2 2 2010
J. T. NOBLIN, CLERK
BY_____DEPUTY

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Louis J. Clay, Jr., Mississippi prisoner # 08452, was convicted of aggravated assault and was sentenced as an habitual offender to 20 years in prison. His prior § 2254 application was dismissed and this court denied him a certificate of appealability. He filed a second § 2254 application in the district court asserting the following claims: (1) the state habeas court improperly denied him leave to proceed in forma pauperis in a 2008 proceeding; (2) his arrest was illegal; (3) his indictment was defective; (4) he was denied an impartial jury; (5) he was denied discovery and exculpatory evidence; (6) prejudiced testimony of a physician was presented at trial; (7) the district court gave an erroneous jury instruction inconsistent with the indictment; (8) the trial judge should have recused himself; (9) his due process rights were violated; (10) the court erred by sentencing him as an habitual offender; (11) his right against double jeopardy was violated; and (12) he was denied counsel on appeal. The district court

concluded that the application was successive and transferred the matter to this court. Clay now seeks leave to file a second or successive application.

Clay's claim that he was denied leave to proceed in forma pauperis in a 2008 state proceeding (Claim 1) arose after his first federal application was denied; thus, it is not successive. Clay does not require authorization to proceed. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222-23 (5th Cir. 2009). His motion is denied as unnecessary with respect to Claim 1.

Clay's remaining claims are successive, however, as they were or could have been raised in his prior federal application. *See id.* To obtain leave to file a second or successive application, Clay must make a prima facie showing either (1) that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) that the factual predicate of his claim "could not have been discovered previously through the exercise of due diligence," and the facts underlying the claim, taken as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty." § 2244(b)(2), (b)(3)(C). None of the claims meets this standard. Thus, as to Claims 2 through 12, Clay's motion is denied.

IT IS ORDERED that Clay's motion for authorization to file a second or successive § 2254 application is DENIED AS UNNECESSARY IN PART; DENIED IN PART.

A true copy
Attest: 2 6 MAR 2010

*Misty Pontenot*