IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LOUIS J. CLAY, JR., #08452                                         PETITIONER

VS.                                      CIVIL ACTION NO. 5:10cv6-DCB-MTP

MARGARET BINGHAM, Superintendent                          RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on a Motion [17] to Dismiss Pursuant to Fed. R. Civ. P. 12(b) filed by Respondent and two Motions [13] [14] to Alter or Correct Judgment filed by Petitioner. Having considered the submissions of the parties, all documents made a part of the record of this case and applicable law, the undersigned recommends that the Motions [13] [14] to Alter or Correct Judgment be denied, that the Motion [17] to Dismiss be granted and that Louis J. Clay Jr.'s Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On October 16, 1997, Petitioner Louis J. Clay, Jr. was convicted of aggravated assault in the Circuit Court of Wilkinson County, Mississippi. On direct appeal, the Mississippi Supreme Court reversed his conviction and remanded the case for a new trial, finding that the trial judge had abused her discretion.[1] *Clay v. State*, 757 So. 2d 236 (Miss. 2000). After retrial, Petitioner was convicted on June 1, 2000 and was sentenced as a habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections, without the possibility of parole. The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence on April 30, 2002. *Clay v. State*, 829 So. 2d 676 (Miss. Ct. App. 2002), *reh'g denied*, July 30, 2002, *cert. denied*, Oct. 31, 2002.

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court

---

[1] According to Petitioner, a previous trial ended in a mistrial on October 9, 1997. *See* Petition [1] at 1.

(Civil Action No. 5:03-cv-6-DPJ-JCS) on January 7, 2003, challenging his October 16, 1997 aggravated assault conviction. The petition was dismissed with prejudice on March 29, 2006.[2] The Fifth Circuit denied a certificate of appealability on August 9, 2007, and the United States Supreme Court denied certiorari on January 14, 2008.

On July 5, 2008, Petitioner filed a *pro se* motion for writ of habeas corpus in the Wilkinson County Circuit Court challenging his conviction on eleven grounds.[3] *See* [3-2] at 2-17. The motion was denied by order entered on October 7, 2008. *See* Exh. A to Motion to Dismiss. Petitioner filed an appeal with the Mississippi Supreme Court on November 7, 2008. *See* [3-2] at 87-92. Petitioner included with his notice of appeal an application to proceed *in forma pauperis*. *See id.* at 92. Petitioner then re-submitted his notice of appeal along with his application to proceed *in forma pauperis* to the Mississippi Supreme Court on January 30, 2009. *See* [18-2] at 141-49. Petitioner filed another motion to proceed *in forma pauperis* in the Mississippi Supreme Court on April 30, 2009. *See* [18-2] at 110-14. By Order filed May 1, 2009, the Mississippi Supreme Court dismissed Petitioner's motion to proceed *in forma pauperis*

---

[2] Petitioner raised twenty-one grounds for relief in his petition, stated by the court in its Memorandum Opinion and Order [59] as follows: 1) illegal arrest; 2) defective affidavits; 3) defective indictment; 4) no attorney appointed at initial appearance hearing; 5) no preliminary hearing; 6) unwanted counsel at trial; 7) violation of *Miranda* silence; 8) violation of due process; 9) violation of compulsory process; 10) denied impartial jury; 11) denied exculpatory evidence and discovery; 12) limited cross-examination; 13) lack of sufficient evidence; 14) prejudicial testimony by state's witnesses; 15) improper jury instructions; 16) violation of Canon 3 rules; 17) no habitual hearing held; 18) violation of double jeopardy; 19) violation of court reporter act; 20) no counsel on appeal; and 21) defective indictment. These claims were denied on their merits by the court (except for Ground 20, which was determined by the court to be unexhausted and was subsequently withdrawn by Petitioner).

[3] As paraphrased by the court, those grounds were: 1) illegal arrest; 2) defective indictment; 3) denied impartial jury; 4) denied exculpatory evidence and discovery; 5) prejudicial testimony by state's witnesses; 6) improper jury instructions; 7) trial judge should have recused himself in accordance with Canon 3; 8) improperly sentenced as habitual offender and habitual hearing should have been held; 9) violation of double jeopardy; 10) denied court reporter transcripts; and 11) denied counsel on direct appeal. *See* [3-2] at 4-16.

2

without prejudice to be filed in the trial court.[4]  *See* Exh. B to Motion to Dismiss.  By letter that same day, the clerk informed Petitioner that he should pay the filing fee for his appeal to the lower court clerk and that he should notify the court if any *in forma pauperis* proceeding was pending in the trial court.  Petitioner was warned that if he did not correct the deficiency within fourteen days, his appeal would be dismissed pursuant to MRAP 2(a)(2).[5]

On May 22, 2009, Petitioner filed a "Motion for Procedure Relief" in the Mississippi Supreme Court in which, *inter alia*, he again sought leave to proceed *in forma pauperis*.  *See* [18-2] at 84-89.  By Order filed June 15, 2009, the Mississippi Supreme Court dismissed Petitioner's motion without prejudice to be filed in the trial court.  *See* Exh. B to Motion to Dismiss.  That day, the Wilkinson County Circuit Court entered an order directing the clerk to docket and dismiss Petitioner's notice of appeal and motion to proceed *in forma pauperis*, stating that "[t]he defendant has filed numerous post-conviction filings with this court and the Mississippi Supreme Court. The court carefully reviewed the latest filing and found that there were no new issues. The court found that the defendant was clearly entitled to no relief.  The court finds that the

---

[4] An indigent inmate may appeal *in forma pauperis* in Mississippi post-conviction relief cases.  *See Green v. Sparkman*, 829 So. 2d 1290, 1291 (Miss. Ct. App. 2002), *cert. denied*, 840 So. 2d 716 (2003) (citing *Johnson v. State*, 623 So. 2d 265, 266 (Miss. 1993)).  Under the Mississippi Post-Conviction Relief Act, such appeals are reviewed "on such terms and conditions as are provided for in criminal cases."  *Johnson*, 623 So. 2d at 266 (citing Miss. Code Ann. § 99-39-25(1)).  Accordingly, MRAP 6(a), "Leave to Proceed *In Forma Pauperis* From the Trial Court to the Supreme Court in Criminal Cases," governs.  *See Johnson*, 623 So. 2d at 266-67. That rule provides that a defendant wishing to "proceed on appeal *in forma pauperis* shall file in the trial court a motion for leave so to proceed...."  MRAP 6(a)(1).

[5] "An appeal may be dismissed...on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules.  When either court...determines that dismissal may be warranted under this Rule..., the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court."

defendant's motion to appeal the same subject matter, pro se, as an indigent should be denied." *See* Exh. C to Motion to Dismiss.

Petitioner filed a letter motion with the Mississippi Supreme Court to proceed *in forma pauperis* on appeal on June 24, 2009. *See* [18-2] at 78-80. Again by Order filed July 7, 2009, the Mississippi Supreme Court dismissed Petitioner's motion to proceed *in forma pauperis* without prejudice to be filed in the trial court. *See* Exh. B to Motion to Dismiss. On July 23, 2009, Petitioner filed another motion to proceed *in forma pauperis* in the Mississippi Supreme Court. *See* [18-2] at 30-33. On August 7, 2009, the Mississippi Supreme Court dismissed Petitioner's motion because the trial court had already determined that Petitioner was not indigent. *See* Exh. D to Motion to Dismiss. By letter dated August 7, 2009, Petitioner was informed that he had fourteen days to pay his appeal costs to the lower court clerk; otherwise, Petitioner was warned, his appeal would be dismissed pursuant to MRAP 2(a)(2). *See* [3-2] at 64. Petitioner filed a petition for writ of mandamus in the Mississippi Supreme Court on August 14, 2009, requesting that the court order the Wilkinson County Circuit Court to rule on his motion for writ of habeas corpus and petition for an order to show cause[6] and to certify his *in forma pauperis* status. *See* [18-2] at 13-21. Petitioner also filed a motion for reconsideration *en banc* on August 20, 2009, requesting that the court reconsider its August 7, 2009 dismissal of his motion to proceed *in forma pauperis*. See [18-2] at 1-8. On September 23, 2009, the Mississippi Supreme Court denied Petitioner's motions, finding that the trial court had already denied Petitioner's motion for indigent status, and that reconsideration of its prior order was not

---

[6] On September 15, 2008, Petitioner had filed a petition for an order to show cause in the Circuit Court regarding his allegation that he had not been appointed counsel for his direct appeal. *See* [19-2] at 151-52.

4

permitted pursuant to MRAP 27(h).[7] *See* [18-1] at 13. On October 1, 2009, Petitioner's appeal was dismissed for failure to pay the costs of appeal, pursuant to MRAP 2(a)(2). *See* Exh. E to Motion to Dismiss. Following dismissal, Petitioner submitted a letter filed October 21, 2009 requesting that his appeal be reinstated. *See* [18-1] at 42. The Mississippi Supreme Court denied the request by Order dated November 24, 2009 because Petitioner had not paid the appeal costs. *See* Exh. F to Motion to Dismiss.

The instant habeas petition was filed by Petitioner *pro se* on January 20, 2010. In the petition, Petitioner raises the following claims for relief: 1) the state habeas court improperly denied him leave to proceed in forma pauperis in a 2008 proceeding; 2) his arrest was illegal; 3) his indictment was defective; 4) he was denied an impartial jury; 5) he was denied discovery and exculpatory evidence; 6) prejudicial testimony of a physician was presented a trial; 7) the jury instructions were erroneous; 8) the trial judge should have recused himself; 9) his due process rights were violated; 10) the court erred by sentencing him as a habitual offender; 11) his right against double jeopardy was violated; and 12) he was denied counsel on appeal. *See* Petition [1]; Memorandum [3] in Support of Petition.

By Order [5] dated January 25, 2010, this court *sua sponte* transferred the case to the Fifth Circuit to determine if it should be allowed as a second or successive habeas petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).[8] On March 22, 2010, the Fifth Circuit entered an order denying Petitioner's motion for leave to file a second or successive § 2254 petition with respect

---

[7] Rule 27(h) provides, with certain limited exceptions, that "[m]otions for reconsideration, vacation or modification of rulings of the Supreme Court...on motions are generally not allowed."

[8] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

5

to Grounds Two through Twelve of his petition, as those claims "were or could have been raised in his prior federal application," and Petitioner failed to meet the requirements of 28 U.S.C. § 2244(b)(2), (b)(3)(C).[9] The court further denied as unnecessary Petitioner's motion with respect to Ground One of his petition, as it arose after his first federal habeas petition was denied and, therefore, because it is not successive, Petitioner does not require authorization to proceed. *See* [7].

Pursuant to the Fifth Circuit's order, this court entered an Order [9] on April 22, 2010 reopening the case and directing Respondent to file a responsive pleading as to Ground One only. Following that order, Petitioner filed two Motions [13] [14] to Alter or Correct in which he argues that the Fifth Circuit lacked jurisdiction to issue an order as to Grounds Two through Twelve of his petition and, therefore, all of the grounds in his petition should be considered by the court. Respondent filed the instant Motion [17] to Dismiss on June 9, 2010, arguing that Petitioner has failed to state a claim in Ground One upon which habeas relief can be granted.

## DISCUSSION

The court will first address Petitioner's Motions [13] [14] to Alter or Correct Judgment. In those motions, Petitioner argues that the Fifth Circuit lacked jurisdiction to issue an order as to

---

[9] 28 U.S.C. § 2244 (b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Subsection (b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -- (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Subsection (b)(3)(C) provides that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."

Grounds Two through Twelve of his petition and, therefore, the court should consider all of the grounds presented in his petition. Petitioner cites no authority to support this argument, which is patently frivolous in light of the provisions of 28 U.S.C. § 2244(d). Moreover, the court is without jurisdiction to modify an order issued by the Court of Appeals. Accordingly, these motions should be denied. The court will now turn to Respondent's Motion to Dismiss.

A court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 29 U.S.C. § 2254(a) (emphasis added). Thus, in order to be entitled to habeas relief, Petitioner must allege that he has been deprived of some right secured to him by the U.S. Constitution or the laws of the United States. *See Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *see also Wainwright v. Goode*, 464 U.S. 78, 83-84 (1993) (citations omitted) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986) (holding that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated."). A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (citations omitted).

Further, it is well-established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court...because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citations omitted); *see also Allen v. Nelms*, 174 Fed. Appx. 823, 824 (5th Cir. Apr. 5, 2006) (*per curiam*) ("challenge to ... state habeas

7

proceeding ... fails to raise a constitutional question cognizable in federal habeas corpus proceedings.") (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)); *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."). Indeed, "there is no constitutional duty on the part of the State to provide post-conviction remedies." *Pettigrew v. Director, TDCJ-CID*, 2010 WL 2733165, at * 5 (E.D.Tex. July 9, 2010) (citing *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987)).

In Ground One - the only Ground before the court - Petitioner alleges that his constitutional rights were violated when the state courts denied him the right to proceed *in forma pauperis* on appeal of the denial of his motion for post-conviction relief. In light of the foregoing authority, it is clear that this claim does not provide a basis for habeas relief. *See U.S. ex rel McGee v. Schomig*, 2003 WL 23162426, at * 3 (N.D. Ill. July 25, 2003) (denying habeas claim based on repeated denial by state courts of petition to proceed *in forma pauperis* on post-conviction appeal: "In denying Petitioner's petition, the state courts were acting according to the state's *in forma pauperis* statute...Thus, Petitioner's claims essentially are that the state violated its own laws, which is not a cognizable federal habeas claim.") (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *see also Pettigrew*, 2010 WL 2733165, at * 5 (dismissing habeas petitioner's claim of denial of due process in state habeas petition and post-conviction motions - based on court's failure to hold hearing or appoint counsel - because "these are collateral proceedings" and, therefore, petitioner "failed to show any basis for federal habeas corpus relief."); *Smith v. Terrell*, 2009 WL 4799190, at * 3 (E.D. La. Dec. 7, 2009) (dismissing habeas petitioner's claim that state court should not have summarily dismissed post-conviction application without a

8

hearing because "claims concerning alleged errors in state post-conviction proceedings are not cognizable in federal habeas corpus proceedings.") (citing *Nichols*, 69 F.3d at 1275); *see also Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (state prisoner's claim that he was denied right to equal protection and due process when trial court dismissed his motion for postconviction relief as untimely did not raise constitutional issue cognizable in federal habeas petition).[10]

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Petitioner's Motions [13] [14] to Alter or Correct Judgment be denied, that Respondent's Motion [17] to Dismiss Pursuant to Fed. R. Civ. P. 12(b) be granted and that Louis J. Clay Jr.'s Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[10] Moreover, the claims that Petitioner attempted to assert on his post-conviction appeal could have been - and, indeed, were - asserted herein and reviewed by this court in Petitioner's prior habeas proceeding (Civil Action No. 5:03-cv-6-DPJ-JCS). Thus, for this reason as well, Petitioner does not state a claim for federal habeas relief. *See*, *e.g.*, *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989), *reh'g on other grounds*, Oct. 24, 1989 (holding that alleged procedural deficiency in state post-conviction scheme is not cognizable in federal habeas proceeding, since "[e]ven if the state postconviction petition was dismissed arbitrarily, the petitioner can present anew to the federal courts any claim of violation of his federal constitutional rights.");

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th of August, 2010.

s/Michael T. Parker  
United States Magistrate Judge