```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

LOUIS J. CLAY, JR. # 08452                              PETITIONER

VS.                              CIVIL ACTION NO. 5:10-cv-6(DCB)(MTP)

MARGARET BINGHAM, Superintendent                         RESPONDENT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on the petitioner Louis J. Clay, Jr. ("Clay")'s motions to alter or correct judgment **(docket entries 13 & 14)**; the respondent Margaret Bingham's Motion to Dismiss **(docket entry 17)**; the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 20)**; the petitioner's objections thereto **(docket entry 23)**; and the petitioner's Motion to Add Newly Discovered Evidence **(docket entry 21)**. Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

The background, procedural history, and other pertinent facts of this case are set forth in Magistrate Judge Parker's Report and Recommendation, and are adopted and incorporated herein. Clay filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on January 7, 2003, challenging his October 16, 1997, aggravated assault conviction. The petition was dismissed with prejudice on March 29, 2006. The Fifth Circuit Court of Appeals denied a certificate of appealability on August 9, 2007, and the United States Supreme Court denied certiorari on January

14, 2008.

On January 20, 2010, Clay filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 presently before the Court.  By Order of January 25, 2010, the Court *sua sponte* transferred this case to the Fifth Circuit for a determination if Clay's present petition should be allowed as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  On March 22, 2010, the Fifth Circuit entered an order denying Clay's motion for leave to file a second or successive § 2254 petition with respect to Grounds Two through Twelve of his petition, as those claims "were or could have been raised in his prior federal application," and the petitioner failed to meet the requirements of 28 U.S.C. § 2244(b)(2) & (b)(3)(c).  The Fifth Circuit also found, however, that Ground One of Clay's petition arose after his first federal habeas petition was denied, and he therefore did not require authorization to proceed in the district court on that claim.

Pursuant to the Fifth Circuit's order, this Court entered an Order on April 22, 2010, reopening the case and directing the respondent to file a responsive pleading as to Ground One only.  In May of 2010, the petitioner filed two motions to alter or correct judgment with the district court, in which he argues that the Court of Appeals lacked jurisdiction to dispose of Grounds Two through Twelve in his petition.  These motions shall be denied inasmuch as this Court is without jurisdiction to modify an order issued by the

Court of Appeals.

On June 9, 2010, the respondent filed a motion to dismiss the petition pursuant to Fed.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted. In Ground One, the only ground before the Court, the petitioner alleges that his constitutional rights were violated when the state courts denied him the right to proceed in forma pauperis on his appeal of the denial of his motion for post-conviction relief. In his Report and Recommendation, Magistrate Judge Parker points out that the petitioner is essentially claiming that the state violated its own in forma pauperis statute, which is not a cognizable federal habeas claim. He recommends that the respondent's motion to dismiss be granted and that this case be dismissed with prejudice.

Following entry of the Report and Recommendation, Clay filed a "Motion to Add Newly Discovered Evidence," in which he offers no newly discovered evidence but simply refers to Grounds One through Twelve of his January 20, 2010, § 2254 petition. Clay also filed objections to the Report and Recommendation, in which he restates his position that, as to Ground One, "the State is in violation of its own law and Clay's Constitutional rights." He also reiterates his position that the Fifth Circuit Court of Appeals "lacked jurisdiction to rule on Grounds Two through Twelve." None of the petitioner's objections are persuasive. The Court therefore finds that the Report and Recommendation should be adopted as the

findings of this Court, and this action should be dismissed with prejudice.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 20)** is adopted as the findings of this Court;

FURTHER ORDERED that the petitioner Louis J. Clay, Jr.'s motions to alter or correct judgment **(docket entries 13 & 14)** are DENIED;

FURTHER ORDERED that the petitioner's Motion to Add Newly Discovered Evidence **(docket entry 21)** is DENIED;

FURTHER ORDERED that the respondent Margaret Bingham's Motion to Dismiss **(docket entry 17)** is GRANTED, and this action shall be dismissed with prejudice in a separate Final Judgment;

FURTHER ORDERED that the petitioner is not entitled to a Certificate of Appealability, as set forth in the Final Judgment.

SO ORDERED, this the 28th day of March, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE